IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DONALD KAULIA, | ) | CIVIL NO. 05-00290 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, ETC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REGARDING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT AND FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST TO REVERSE THE STIPULATION FOR DISMISSAL**

Before the Court is Plaintiff Donald Kaulia's ("Plaintiff") Motion to Reverse the Stipulation for Dismissal of Plaintiff's Complaint Against Individual Defendants James Apana, David Goode, Grant Chun, Dennis Swind, Ron Riska, Tracey Takamine, Allen Souza, and John Jake Kostrick Filed on November 30, 2005 and to Amend the Complaint ("Motion"), filed June 8, 2006.  Defendant County of Maui, Department of Public Works and Waste Management ("County Defendant"), and Defendants James Apana, David Goode, Grant Chun, Dennis Swind, Ron Riska, Tracey Takamine, Allen Souza, and John Jake Kostrick (collectively, "Individual Defendants") (all collectively "Defendants") filed their memorandum in opposition to the Motion on July 7, 2006.  This matter came on for hearing on July 25, 2006.  Appearing on behalf of Plaintiff was Andre Wooten, Esq., and appearing on behalf of Defendants was Cheryl Tipton, Esq.

After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY DENIES Plaintiff's request for leave to amend the Complaint.  Further, the Court FINDS AND RECOMMENDS that Plaintiff's request to reverse the stipulation for dismissal be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff filed the Complaint in the instant employment discrimination action on April 22, 2005.  Plaintiff alleged that Defendants discriminated against him on the basis of his Hawaiian ancestry and because of his disability.  [Complaint at ¶¶ 1, 21-22.]  The Complaint alleged the following claims: intentional infliction of emotional distress ("Count I"); violation of 42 U.S.C. §§ 1981 and 1981A ("Count II"); violation of 42 U.S.C. § 1985 ("Count III"); violation of 42 U.S.C. § 1986 ("Count IV"); violation of 42 U.S.C. § 1983 ("Count V"); violation of the State of Hawai`i Fair Employment Act ("Count VI"); violation of Title VII ("Count VII"); violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("Count VIII"); and a claim for punitive damages ("Count IX").

On November 30, 2005, the parties filed a stipulation to dismiss all claims against the Individual Defendants with prejudice ("the Stipulation").  On March 28, 2006, the parties filed another stipulation to dismiss Count I against the County

Defendant with prejudice.  On May 24, 2006, the district court granted summary judgment in favor the County Defendant on Counts III, IV, V, and IX.  The district court denied the County Defendant's motion for summary judgment as to Count II, ruling, *inter alia*, that Plaintiff could proceed on his § 1981 claim with respect to allegedly discriminatory conditions of employment[1] that occurred on or after April 22, 2001, and allegedly negative employment references made on or after April 22, 2003.  [Order Granting in Part and Denying in Part Defendant County of Maui's Motion for Partial Summary Judgment ("Summary Judgment Order") at 12.]

      Plaintiff filed the instant Motion on June 8, 2006.  Plaintiff seeks to reinstate his claims against the Individual Defendants because he erroneously stipulated to their dismissal.  [Motion at 2.]  At the time Plaintiff's counsel signed the Stipulation, he did not know about the recently established four-year statute of limitations for civil rights acts which Congress created or amended after 1990.  [Mem. in Supp. of Motion at 1-2 (citing 28 U.S.C. § 1658; Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004)).]  Plaintiff's counsel did not learn of this change in the law until December 2005 when he did further

---

[1] These are Plaintiff's claims that he was subjected to a hostile work environment, given less desirable assignments, denied a transfer request, and retaliated against with respect to the conditions of his employment.

3

research.  [Id. at 2.]

Plaintiff argues that, if the Court grants the Motion, there would be no surprise or prejudice to the Individual Defendants because Plaintiff originally served them with the Complaint.  Plaintiff also argues that the Court should grant the Motion because, in securing Plaintiff's agreement to the Stipulation, Defendants' counsel made erroneous representations to Plaintiff's counsel about the applicable statute of limitations.[2]  [Id. at 3-4.]

Plaintiff also seeks leave of court to amend his complaint to reinstate the claims against some of the Individual Defendants and to make various other changes.  Although Plaintiff originally named James Apana in his official capacity only, he now seeks to name Apana in his official and individual capacities.  Plaintiff no longer names Grant Chun, Dennis Swind, and Ron Riska as defendants.  [Exh. 4 to Motion, Proposed First Amended Complaint at ¶ 2.]  Plaintiff also states that he is of "Pacific Island ancestry", rather than Hawaiian ancestry.  [Id. at ¶ 1.]

Defendants filed their memorandum in opposition to the Motion on July 7, 2006.  Defendants argue that Plaintiff has not

---

[2] Although Plaintiff implied in the Motion that Defendants' counsel may have made fraudulent representations about the applicable statute of limitations, Plaintiff's counsel stated at the hearing on the Motion that he was not alleging fraud.

established good cause to set aside the Stipulation.  They emphasize that Plaintiff's counsel admits that he did not conduct adequate research before signing the Stipulation.  [Mem. in Opp. at 2.]  Defendants also argue that the four-year statute of limitations set out in § 1658 only applies where the plaintiff's cause of action arises under an act of Congress enacted after December 1, 1990.  It therefore does not apply to §§ 1983, 1985, or 1986.  The district court has already dismissed Plaintiff's §§ 1983, 1985, and 1986 claims against the County Defendant because they are barred by the two-year statute of limitations.  Defendants argue that similar claims against the Individual Defendants would also be time barred.  [Id. at 4-5.]

Section 1981 has been amended since December 1, 1990.  The district court ruled that most, though not all, of Plaintiff's § 1981 claims are governed by the four-year statute of limitations period.  The district court ruled that Plaintiff's claims regarding the conditions of his employment arose under the 1991 amendments to § 1981 and therefore the four-year limitations period applies to those claims.  The district court stated that the four-year period may or may not apply to Plaintiff's claim that the County Defendant failed to promote him because some types of failure to promote claims were actionable prior to the 1991 amendments.  The district court also ruled that the two-year statute of limitations period applied to Plaintiff's claim that

5

the County Defendant retaliated against him by giving him negative employment references because the 1991 amendments did not create that cause of action.  The district court ruled that Plaintiff may proceed with his § 1981 claim with respect to allegedly negative employment references made on or after April 22, 2003.  [Summary Judgment Order at 8-12.]

Defendants argue that the Proposed First Amended Complaint does not contain any allegations that the Individual Defendants made negative job references on or after April 22, 2003.  Further, Defendants argue that, under § 1981, individuals are only liable for employment discrimination where the individual actually participated in the discriminatory conduct.  Plaintiff only alleges that John Jake Kostrick actually engaged in discriminatory acts; Plaintiff alleges that the other Individual Defendants failed to take corrective action.  [Mem. in Opp at 5-6.]

Defendants also argue that, even if the Court excuses counsel's failure to research the applicable civil rights statute of limitations, Plaintiff provides no reason to reinstate his other claims.  [Id. at 6.]  In addition, Defendants argue that this Court should not allow Plaintiff to amend his Complaint because the Motion is defective and because the Proposed First Amended Complaint contains many errors and raises new factual allegations.  [Id. at 7-10.]  Finally, Defendants argue that the

Motion is untimely and that allowing Plaintiff to file the Proposed First Amended Complaint would unduly delay the case. [Id. at 10-11.]

## DISCUSSION

### I. Amending the Complaint

The deadline to amend pleadings in this case was December 9, 2005. Thus, in order to amend the Complaint, Plaintiff must first obtain an amendment of this Court's scheduling order. A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

To the extent that Plaintiff seeks to reinstate his claims against the Individual Defendants, this can be accomplished without amending the Complaint.  Plaintiff's Proposed First Amended Complaint also contains other unrelated amendments, but Plaintiff has offered no reason why he was unable to make these amendments prior to the original deadline.  The Court finds that Plaintiff has not established good cause to amend the scheduling order.  Plaintiff's request for leave to amend the Complaint is therefore DENIED.

## II.  **Reversing the Stipulation**

The decision whether to set aside the Stipulation is governed by Federal Rule of Civil Procedure 60(b).  See, e.g., Partee v. Metro. Sch. Dist. of Wash. Twp., 954 F.2d 454, 457 (7th Cir. 1992), Chevron, U.S.A., Inc. v. Hand, 763 F.2d 1184 (10th Cir. 1985).  Section 60(b) states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Plaintiff's counsel was unaware of the four-year statute of limitations when he executed the Stipulation.  Plaintiff apparently argues that counsel's failure to adequately

research the applicable law constitutes "excusable neglect".

In construing "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1), which was patterned after Federal Rule of Civil Procedure 6(b), the United States Supreme Court has stated that the determination of excusable neglect

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission[, including] . . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (citation omitted). The Supreme Court also noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.

The issue whether there is excusable neglect must be "litigated on the merits", with any doubts being resolved in favor of the moving party. See Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations and quotation marks omitted). The Tenth Circuit has also stated that, of the factors the Supreme Court articulated in Pioneer, fault in the delay is perhaps the most important in determining whether neglect is

excusable.  A court should consider whether the delay was caused by a single mistake, as opposed to a pattern of behavior, and whether counsel promptly attempted to correct the mistake.  Courts should also consider whether the moving party's underlying claim is meritorious.  See id. at 856-57.

The Court finds that Plaintiff's erroneous agreement to the dismissal was the result of a single mistake about the applicable statute of limitations.  Further, the parties filed the Stipulation on November 30, 2005 and Plaintiff filed the instant Motion on June 8, 2006.  Thus, Plaintiff sought to remedy the mistake within a reasonable amount of time.  This Court therefore finds that the erroneous dismissal was the result of excusable neglect.

In the Summary Judgment Order, the district court held that the recently established four-year statute of limitations does not apply to §§ 1983, 1985, and 1986 and that Plaintiff's claims against the County Defendant under these statutes were time-barred.  The Summary Judgment Order is the law of this case and the district court's rulings would apply equally to Plaintiff's claims against the Individual Defendants.  Plaintiff therefore cannot reinstate Counts III, IV, and V against the Individual Defendants.

The district court ruled that the four-year statute of limitations applies to most, though not all, of Plaintiff's §

1981 claims presented in Count II.  The district court ruled that the two-year statute of limitations applied to Plaintiff's § 1981 retaliation claim with respect to negative employment references. Thus, Plaintiff cannot argue that his excusable neglect regarding the four-year statute of limitations led to the dismissal of his claims regarding negative employment references.

The district court ruled that the four-year statute of limitations applies to Plaintiff's § 1981 claims regarding the conditions of his employment, and may apply to his § 1981 failure to promote claims, depending on the type of promotion at issue. Plaintiff should be allowed to reinstate those claims against the Individual Defendants, if the Complaint raises sufficient allegations in support of those claims.  "'If individuals are personally involved in the discrimination . . . and if they intentionally caused the . . . [infringement of] Section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable.'" El-Hakem v. BJY Inc., 262 F. Supp. 2d 1139, 1147 (D. Or. 2003) (quoting Al-Khazraji v. Saint Francis College, 784 F.2d 505, 518 (3d Cir. 1986), aff'd on other grounds, 481 U.S. 604 (1987)) (alteration in original).  The Complaint alleges various discriminatory conduct by John Jake Kostrick.  [Complaint at ¶¶ 16-32.]  The Complaint also alleges that Tracy Takamine retaliated against Plaintiff by denying his transfer request,

[id. at ¶ 35,] and that David Goode "took action to further subject the Plaintiff to more civil rights violations." [Id. at ¶ 36.] Thus, there are allegations in the Complaint that Kostrick, Takamine, and arguably Goode, were personally involved in the actions that gave rise to Plaintiff's § 1981 claims regarding the conditions of his employment. The Complaint, however, does not allege that either Kostrick, Takamine, or Goode was involved in the denial of any promotions Plaintiff sought. This Court therefore finds that Plaintiff should be allowed to reinstate his § 1981 claim regarding the conditions of his employment, including his associated claim for punitive damages, against Kostrick, Takamine, and Goode.

The Complaint does not allege that any of the other Individual Defendants were personally involved in the actions which gave rise to either Plaintiff's § 1981 claims regarding the conditions of his employment, or his § 1981 failure to promote claims. The Court finds that Plaintiff should not be allowed to reinstate his § 1981 claims against James Apana, Grant Chun, Dennis Swind, Ron Riska, and Allen Souza.

The other counts alleged in the Complaint, Counts I, VI, VII, and VIII, are not based on civil rights statutes. Plaintiff therefore cannot argue that his excusable neglect regarding the recently established four-year statute of limitations led to the dismissal of those claims. This Court

finds that Plaintiff may not reinstate those claims against the Individual Defendants.  Insofar as there would be no underlying claims against Apana, Chun, Swind, Riska, and Souza, Plaintiff cannot reinstate Count IX, his punitive damages claim, against them.

## ORDER

On the basis of the foregoing, Plaintiff's June 8, 2006 Motion to Reverse the Stipulation for Dismissal of Plaintiff's Complaint Against Individual Defendants James Apana, David Goode, Grant Chun, Dennis Swind, Ron Riska, Tracey Takamine, Allen Souza, and John Jake Kostrick Filed on November 30, 2005 and to Amend the Complaint is HEREBY DENIED to the extent that it seeks leave to amend the Complaint.

IT IS SO ORDERED.

## RECOMMENDATION

Insofar as the Motion seeks reversal of the November 30, 2005 Stipulation, this Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART. This Court recommends that the district court allow Plaintiff to reinstate his § 1981 claims, and the associated punitive damages claim, to the extent that he alleges that John Jake Kostrick, Tracy Takamine, and David Goode created the allegedly discriminatory conditions of Plaintiff's employment.  The Court recommends that the district court deny the request to reverse

the Stipulation in all other respects.

       IT IS SO FOUND AND RECOMMENDED.

       DATED HONOLULU, HAWAI`I, August 24, 2006.



          /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

**DONALD KAULIA V. COUNTY OF MAUI, ET AL; CV 05-00290 JMS-LEK; ORDER REGARDING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT AND FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST TO REVERSE THE STIPULATION FOR DISMISSAL**