```
                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAI`I

DONALD KAULIA,                  )   CIVIL NO. 05-00290 JMS-LEK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
COUNTY OF MAUI, ETC., ET AL.,   )
                                )
          Defendants.           )
_____ )
```

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S MEMORANDUM OF OBJECTIONS TO DEFENDANT COUNTY OF MAUI'S COSTS BILL**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiff Donald Kaulia's ("Plaintiff") Memorandum of Objections to Defendant County of Maui's Costs Bill ("Objections"), filed August 22, 2007.  Defendants County of Maui, David Goode ("Goode"), Tracey Takamine ("Takamine"), and John Jake Kostrick ("Kostrick") (collectively "Defendants") filed its Bill of Costs on August 16, 2007.  In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiff's Objections should be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court tax costs against Plaintiff in the amount of $2,404.85.

## BACKGROUND

On April 22, 2005, Plaintiff filed the Complaint in the instant employment discrimination action against Defendants County of Maui, Department of Public Works and Waste Management, and individual Defendants James Apana, Mayor of the County of Maui, Goode, Director of the Department of Public Works and Waste Management, Grant Chun, Managing Director and EEOC Officer of Department of Public Works, Dennis Swind, Assistant Managing Director and EEOC Officer, Ron Riska, Former Chief of the Waste Water Branch, Takamine, Chief of the Waste Water Branch, Allen Souza, Operations Manager, and Kostrick, Supervisor.  The Complaint alleged that Defendants discriminated against Plaintiff on the basis of his Hawaiian ancestry and because of his disability.  [Complaint at ¶¶ 1, 21-22.]  The Complaint alleged the following claims: intentional infliction of emotional distress ("Count I"); violation of 42 U.S.C. §§ 1981 and 1981A ("Count II"); violation of 42 U.S.C. § 1985 ("Count III"); violation of 42 U.S.C. § 1986 ("Count IV"); violation of 42 U.S.C. § 1983 ("Count V"); violation of the State of Hawai‘i Fair Employment Act ("Count VI"); violation of Title VII ("Count VII"); violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("Count VIII"); and a claim for punitive damages ("Count IX").

On November 30, 2005, the parties filed a stipulation to dismiss all claims against the individual Defendants with prejudice ("November 30 Stipulation").  On March 28, 2006, the parties filed another stipulation to dismiss Count I (intentional infliction of emotional distress) against Defendants County of Maui, Department of Public Works, and Waste Management with prejudice.  On May 24, 2006, the district court granted summary judgment in favor of the County Defendants on Counts III, IV, V, and IX, but denied summary judgment as to Counts II, VI, VII, and VIII.  On September 25, 2006, the district court entered an order adopting this Court's findings and recommendation to reverse the November 30 Stipulation in part, which reinstated Plaintiff's § 1981 claims as well as the accompanying punitive damages claims.  The parties stipulated to dismiss with prejudice Count VIII against Defendants County of Maui, Department of Public Works, and Waste Management, Takamine, Goode, and Kostrick on February 20, 2007.  On July 20, 2007, the district court granted Defendants' motions for partial summary judgment and summary judgment.  In the order, the Court directed the clerk of court to close the case file.

The Court entered Judgment on July 23, 2007.
Defendants now seek taxation of the following costs:

| | |
|---|---|
| Fees for service of summons and subpoena | $     73.59 |
| Fees of the Court Reporter for all or | $1,695.56 |

```
            any part of the Stenographic Transcript
            Necessarily Obtained for Use in the Case

            Fees for the Exemplification and        $   179.75
            Copies of Papers Necessarily
            Obtained for Use in the Case

            Other Costs:
            Airfare                                 $   868.20
            Parking                                 $    35.00
            Meal allowance                          $   240.00
            Copies for various pleadings            $   981.75
                                            Total   $ 4,073.85
```

[Bill of Costs ("BOC") at 1; Itemization of BOC at 1-3.] Plaintiff generally objects to the costs as excessive. Specifically, Plaintiff objects to the travel expenses, meals, and parking, arguing that these costs are not recompensible under 28 U.S.C. § 1920. Plaintiff also objects to Defendants' request for certain copying costs based on the purported absence of specification as to which documents were necessary for use in this case. Plaintiff asks the Court to exclude the foregoing costs from taxation.

   Plaintiff raises additional arguments as well. First, he asks the Court to deny the costs requested because of the financial burden that would result. Second, he argues that many of the costs are not authorized by statute. Third, he points out that Defendants seek reimbursement of copying costs in excess of the $0.15 per page limit prescribed by Local Rule 54.2(f). Last, Plaintiff emphasizes that his Complaint was not frivolous, as the EEOC found reasonable cause to believe that discrimination

occurred.

## DISCUSSION

### I. Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  Fed. R. Civ. P. 54(d)(1).  Insofar as the district court granted partial summary judgment and summary judgment in favor of Defendants, and the Court entered judgment, this Court finds that Defendants are the prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c).  "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920."  Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

    1. Fees of the clerk and marshal;
    2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

  3. Fees and disbursements for printing and witnesses;
  4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
  5. Docket fees under section 1923 of this title;
  6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## II. Calculation of Taxable Costs

### A. Copying Costs

Plaintiff objects to Defendants' request for copying costs set forth in Exhibit M to the Bill of Costs. Defendants' request consists of the following:

| Date | Description | Amount |
|---|---|---|
| 6/30/05 | Copying Charges by EEOC | $ 101.25 |
| 4/25/06 | Copying Charges by Andre Wooten | $ 78.50 |
|  | Copying Charges made for various pleadings | $ 981.75 |
|  | **Subtotal** | **$1,161.50** |

[Exs. A, D & M to Itemization of BOC; Itemization of BOC.] Thus, Defendants request $981.75 for in-house copying and $179.75 for copying by outside vendors. Defendants submitted a copy of a receipt for payment made to EEOC as well as a letter from Mr. Wooten requesting payment in the amount of $78.50 (314 pages at $0.25/page). [Exs. A & D to Itemization of BOC.] For the in-house copying costs, Defendants indicated that 3,294 pages were copied at a rate of $0.15 per page for various pleadings, and

6

Defendants provided a listing of the pleadings and the number of pages copied for each. [Itemization of BOC; Ex. M to Itemization of BOC.]

> The Local Rules state that:
>
> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)4.

### 1. Copies by Outside Vendors

Based on Defendants' submissions, it appears that they incurred $101.25 in copying charges from the EEOC and $78.50 in copying charges from Mr. Wooten. The EEOC charges were for the copying of files. However, Defendants have not indicated how many pages were copied or at what per page rate. The Court therefore finds that this expense is not taxable. See id. Defendants incurred charges from Mr. Wooten for the copying of Plaintiff's exhibit book. As already discussed, Mr. Wooten copied 314 pages at a rate of $0.25 per page.[1] Because the Court

---

[1] The Court questions Mr. Wooten's $0.25/page charge, when it is evident that he is aware that the Court deems $0.15/page to be reasonable. Indeed, Plaintiff argues that Defendants demand
(continued...)

deems $0.15 per page to be reasonable, it will not tax the full amount of $78.50, but rather, reduces the amount to $47.10 (314 pages @ $0.15/page).

### 2. In-house Copying

Defendants additionally claim to have incurred $981.75 for counsel's in-house copying for 3,924 pages at a rate of $0.15 per page. [Ex. M to Itemization of BOC; Itemization of BOC.] According to the Court's calculations, however, 3,924 pages at $0.15 per page totals $588.60, not $981.75. Defendants have provided the Court with a chart of the pleadings and the corresponding number of pages copied for each. This Court therefore finds that this expense is reasonable and sufficiently documented.

### 3. Summary of Copying Costs

This Court FINDS that a total of $47.10 for copying by outside vendors is taxable. The Court also FINDS that a total of $588.60 for in-house copying is taxable.

### B. Airfare, Parking, and Meal Allowances

Plaintiff objects to Defendants' request to tax airfare, parking, and meal allowances. Defendants' request totals $1,143.20. Section 1920 does not provide for the taxation

---

[1](...continued)
"an amount in excess of the allowable 15 cents a copy." [Objections at 5.] Incidentally, it is Mr. Wooten who charged in excess of $0.15 per page.

of these costs. As such, the Court finds that these expenses are not taxable.

### C. Remaining Costs

Although Plaintiff does not raise specific objections to the remaining costs sought by Defendants, this Court cannot tax costs beyond those enumerated in § 1920, see Crawford Fitting, 482 U.S. at 441-42. This Court must therefore review Defendants' other request items to determine if they are taxable.

#### 1. Fees for Service of Summons and Subpoena

Section 1920(1) allows for the taxation of the fees of the marshal. See also Local Rule 54.2(f)(1) ("Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."). Defendants request $73.59 consisting of the following:

| Date | Description | Amount |
|---|---|---|
| 5/30/06 | Mark Peacock's Invoice to Serve Subpoena on Grace Pacific | $ 33.00 |
| 6/15/06 | Iwado Court Reporters, Inc. Invoice for Costs Advanced for Service of Subpoena and Notice of Deposition and Written Interrogatories on Grace Pacific | $ 40.59 |
| | **Subtotal** | **$ 73.59** |

[Exs. F & H to Itemization of BOC.] Defendants submitted an invoice for each request. [Id.] The Court finds that these expenses are taxable.

9

**2.   Court Reporter Fees**

Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2).  Defendants request $1,695.56 for court reporter fees consisting of the following:

| | | |
|---|---|---|
| 6/14/06 | Original plus certified copy of Records Deposition of Grace Pacific and Interrogatories of Cindy Saiki | $   145.56 |
| 10/10/06 | Original plus certified copy of Deposition of Donald Kaulia | $1,151.75 |
| 5/10/07 | Original plus certified copy of Deposition of John "Jake" Kostrick, Jr. | <u>$   350.34</u> |
| | **Subtotal** | **$1,695.56** |

[Exs. G, J & K to Itemization of BOC.]  Defendants submitted an invoice for each expense.  [*Id.*]  This Court finds that all of the transcripts were necessarily obtained for use in the case and that Defendants' court reporter fees are taxable in full.

**D.   Summary of Taxable Costs**

This Court FINDS that Defendants have established that the following costs are taxable:

| | |
|---|---|
| Fees for service of summons and subpoena | $      73.59 |
| Fees of the Court Reporter for all or any part of the Stenographic Transcripts | $ 1,695.56 |

10

```
Necessarily Obtained for Use in the Case

Fees for the Exemplification and          $   635.70
Copies of Papers Necessarily
Obtained for Use in the Case

                                   Total   $ 2,404.85
```

The Court therefore RECOMMENDS that the district court tax costs against Plaintiff and for Defendants in the amount of $2,404.85.

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Memorandum of Objections to Defendant County of Maui's Costs Bill, filed August 22, 2007, be GRANTED IN PART and DENIED IN PART and that the district court tax costs against Plaintiff in the amount of $2,404.85.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, August 29, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DONALD KAULIA V. COUNTY OF MAUI, ET AL; CIVIL NO. 05-00290 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MEMORANDUM OF OBJECTIONS TO DEFENDANT COUNTY OF MAUI'S COSTS OF BILL**